IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JAMES PATRICK GAVIN<br>BOP No. 12884-509,<br>   Movant,<br><br>        v.<br><br><br>UNITED STATES OF AMERICA,<br>   Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>Civil Action No. 7:23-cv-106-O<br>Criminal Action No. 7:20-cr-042-O |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is James Patrick Gavin ("Movant")'s motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. *See Motion*, CV ECF No. 1.[1] The Court, having considered the motion and applicable authorities, concludes the motion must be **DISMISSED WITH PREJUDICE** as untimely.

### I.    BACKGROUND

In October 2020, Movant pled guilty by way of a plea agreement with waiver of appeal to one count of possession of a firearm by a convicted felon. CR ECF No. 20. He was later sentenced to 84 months' imprisonment on February 12, 2021. CR ECF No. 45. He did not file a direct appeal.[2] Movant filed the instant motion on October 3, 2023, asserting he is "actually innocent" of his underlying firearm conviction because "he was [] simply exercising his rights under the Second Amendment." CV ECF No. 1 at 7.

---

[1] All "CR ECF No.__" citations refer to the related criminal case, *United States v. James Patrick Gavin*, 7:23-cr-042-O.  All "CV ECF No.__" citations refer to this § 2255 case.

[2] *See* Fed. R. Civ. P. 4(b)(1)(A) (to pursue a direct appeal, a criminal defendant must file a notice of appeal in the district court within 14 days after the later of the entry of the judgment of the order being appealed or the filing of the government's notice of appeal).

1

On January 30, 2025, the Court issued an Order requiring Movant to respond explaining why his § 2255 motion is not barred by the one-year statue of limitations or why the statute of limitations should be tolled on equitable grounds. *See* CV ECF No. 3. Movant failed to do so.

## II.   APPLICABLE LIMITATIONS LAW

A one-year period of limitation applies to motions under §2255. The period runs from the latest of:

> (A) the date on which the judgment of conviction becomes final;
>
> (B) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (C) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Clay v. United States*, 537 U.S. 522, 525 (2003).

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). Equitable tolling is applied restrictively only in rare and exceptional circumstances and the movant bears the burden to show it applies. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). The movant must show he was diligent

in pursuing his rights and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Whether a movant is entitled to equitable tolling depends upon his diligence both before and after the extraordinary circumstance occurs. *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019); *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). The failure to satisfy the statute of limitations must result from factors beyond the movant's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and unfamiliarity with legal process are not sufficient justifications to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

### III.   ANALYSIS

The instant § 2255 is time-barred. Movant's judgment became final February 26, 2021, at the expiration of his time to file a direct appeal to his conviction. *See Clay*, 537 U.S. at 527; Fed. R. Civ. P. 6(a). He had one year from February 26, 2021, to timely file his § 2255 motion. He filed his § 2255 motion on October 3, 2023—949 days too late. Movant acknowledges his untimeliness in his § 2255 motion:

> Indeed, one-year has in fact elapsed subsequent to the finalization of proceedings in the underlying criminal case . . . the timeliness of Petitioner's motion is not in dispute. His motion is time-barred pursuant to § 2255(f)(1). This is the "procedural default" which Petitioner must overcome prior to having his § 2255 considered on the merits.

ECF No. 1 at 6. Movant states the time bar should be "excused as a miscarriage of justice, or [as] a fundamentally unjust incarceration." CV ECF No. 1 at 7 (quotations omitted). These statements are conclusory and without merit.

Moreover, there is nothing before the Court that supports the application of equitable tolling, though Movant briefly claims he is "actually innocent" of his underlying firearm conviction because "he was [] simply exercising his rights under the Second Amendment." CV ECF No. 1 at 7. The Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet the actual innocence exception to limitations, a petitioner must show that, in light of new evidence, no juror, acting reasonably, would have found him guilty beyond a reasonable doubt. *Id.* at 386-87; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). Such claim also requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Movant has not pled facts sufficient to meet *McQuiggin*'s standard and overcome the statute of limitations. Simply stated, he does not present any argument persuasive to reasonably-minded jurors or any newly discovered evidence that would undermine this Court's confidence regarding the trial court's finding of guilt. His conclusory assertion that he is innocent under the rights afforded by the Second Amendment does not come close to satisfying the rigorous standard in *Schlup*. Accordingly, Movant does not meet his burden of establishing equitable tolling and actual innocence apply. The instant § 2255 motion is **DISMISSED** as untimely.[3]

---

[3] The Court notes Movant's underlying claim that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him is conclusory, without factual support, and not cognizable in a § 2255 proceeding. *See United States v. Diaz*, 116 F. 4th 458 (5th Cir. 2024).

### IV. CONCLUSION

Movant's motion is **DISMISSED WITH PREJUDICE** as time-barred and, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **14th** day of **March 2025.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**